**MEI ZHU ZHENG, Petitioner,**

v.

**U.S. DEP'T OF JUSTICE, et al., Respondent.**

No. 06–0484–ag.

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

Mei Zhu Zheng, pro se, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, John P. Cronan, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

On December 5, 2006, we granted in part and denied in part Mei Zhu Zheng's petition for review, which challenged a January 18, 2006 order of the BIA denying her motion to reopen. *In re Mei Ju Zhen,* No. A72 292 202 (B.I.A. Jan. 18, 2006). We now vacate our previous order and amend our decision as follows.

As we previously noted, we review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reason-

ing, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

■ We again find that insofar as the BIA construed Zheng's motion to reopen as an adjustment of status claim, it did not abuse its discretion in denying the motion where Zheng merely repeated arguments that the BIA had already rejected. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). However, in light of our recent decision in *Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007), we no longer find it appropriate to remand to the BIA for consideration of the documents referenced in *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006), and its successor cases because those documents are not contained in the administrative record of this case.[1]

■ Nevertheless we reiterate that the BIA abused its discretion by failing to acknowledge Zheng's asylum and withholding claims, which were based on the birth of her second child in the United States. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 97 (2d Cir.2001) Accordingly, we remand for the BIA to decide in the first instance whether Zheng established: (1) an exception to the numerical limitation and filing deadline for motions to reopen; and (2) *prima facie* eligibility for asylum or withholding of removal.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

---

1. Nevertheless, the BIA is, of course, free to remand to consider those documents or to remand to the IJ for consideration of those documents.

stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). The Government's motion to remand the case is dismissed as moot.