

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chen v. Atty Gen USA" (2008). *2008 Decisions.* Paper 86.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/86

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-109

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4360
_____

CHEN ZHI MING,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A78-852-463)
Immigration Judge: Daniel A. Meisner
_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 25, 2008

Before: MCKEE, RENDELL and SMITH, <u>Circuit Judges</u>

Opinion Filed: December 17, 2008
_____

OPINION
_____

PER CURIAM

Zhi Ming Chen filed a petition for review from the Board of Immigration

Appeals's ("BIA") order denying his motion to reopen.  The government has moved for

summary denial of the petition.  We will grant the government's motion because the

petition for review presents no substantial question.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6;

<u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002).

I.

Chen is a native and citizen of the People's Republic of China, Fujian Province. He entered the United States in August 2001 and received a notice to appear in June 2002. In October 2002, more than a year after his arrival in the United States, he filed an application for political asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He claimed that he was persecuted under China's family planning laws after his wife gave birth to their second child in 1996 and that he feared that he would be sterilized if forced to return to China. At his October 31, 2002 removal proceedings, the Immigration Judge ("IJ") determined that Chen was statutorily ineligible for asylum because his application was untimely and that he was not credible. In particular, the IJ found that Chen failed to testify credibly or produce any official documentation that he was actually the father of two children. That, in conjunction with other gaps in his story and the background materials—which indicated that it was much more likely that a woman would be sterilized—led the IJ to state that "[i]t simply seems incredible to me that the respondent truly fears sterilization upon return to China." The BIA summarily affirmed the IJ's decision on April 9, 2004. Chen did not file a petition for review of the BIA's summary affirmance.

Chen did, however, file a motion to reopen on June 4, 2007, which the BIA denied as untimely. The BIA rejected his arguments that the ninety-day statute of limitation for

2

motions to reopen should be equitably tolled due to ineffective assistance of counsel and/or that the time limitation should not apply due to changed circumstances in China. The BIA acknowledged that ineffective assistance of counsel can equitably toll the statute of limitation, but it found that Chen was ineligible for relief because he did not exhibit due diligence in seeking reopening. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). Chen also argued that the motion's untimeliness should be excused under 8 C.F.R. § 1003.2(c)(3)(iii), because of Fujian Province's recent implementation of the allegedly stricter family planning laws. Although Chen submitted a few unverified news articles that discussed the implementation of the family planning laws, the thrust of his claim was that the BIA should take judicial notice of documents submitted to the Second Circuit Court of Appeals in Guo v. Gonzales, 463 F.3d 109 (2d Cir. 2006). The BIA declined to consider documents not in the record[1] and found that the documents that Chen did submit were insufficient to demonstrate a change of country conditions. Moreover, the BIA found that Chen did not establish an exception to the statute of limitation because the IJ had determined that Chen was not credible "with respect to his coercive population

_____

[1] The BIA noted that although the Third—not the Second—Circuit had jurisdiction over the petition for review, the Second Circuit recently held that citing to documents relied on in other cases is not sufficient to show changed country conditions or circumstances. See Zheng v. United States Dep't of Justice, 2007 WL 4480591, at *1 (2d Cir. Dec. 21, 2007) ("In light of our recent decision in Xiao Xing Ni v. Gonzales, 494 F.3d 260 (2d Cir. 2007), we no longer find it appropriate to remand to the BIA for consideration of the documents referenced in . . . Guo . . . because those documents are not contained in the administrative record of this case.").

3

claim," and because the BIA had summarily affirmed the adverse credibility finding. Finally, the BIA found that Chen would be subject only to a fine for illegally departing China and that this was not enough to qualify for relief under the CAT.

## II.

We have jurisdiction over the petition under 8 U.S.C. § 1252 and review the BIA's denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under that standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We conclude that the BIA did not abuse its discretion by denying Chen's motion to reopen as untimely.

Generally, motions to reopen must be filed no later than ninety days after the date of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time restriction is subject to equitable tolling for ineffective assistance of counsel, Chen—who raised the ineffectiveness issue three years after the BIA's affirmance of the IJ's decision—did not exercise the diligence necessary for tolling to apply. See Mahmood, 427 F.3d at 251. The time limit may also be suspended where the petitioner introduces evidence of changed country conditions that "is material and was not available and could not have been discovered or presented at the previous hearing." See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); Johnson v. Aschcroft, 286 F.3d 696, 704 (3d Cir. 2002). Nevertheless, even if the exception to the time limitation

4

for changed circumstances is met, the BIA will not grant a discretionary motion to reopen unless the petitioner establishes prima facie eligibility for the relief he seeks. Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). This standard requires the petitioner to "produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief." Id. (internal quotations and citations omitted).

Here, regardless of whether Chen submitted new evidence sufficient to show newly stricter implementation of the Chinese family planning laws, he did not establish that he was eligible for asylum or other relief, and thus the BIA did not abuse its discretion in denying the motion. See id. Because Chen's asylum claim is the same in his motion to reopen as it was in his initial application, the BIA appropriately relied on the IJ's original adverse credibility finding in evaluating the motion to reopen. See id. at 562. In particular, the IJ found that Chen failed to testify credibly or demonstrate with official documentation that he was the father of two children. Chen did not submit any new evidence in his motion to reopen to cause the BIA to doubt the adverse credibility finding. Thus, because having children is a necessary component of Chen's claim, he could not show a reasonable likelihood that he was entitled to relief. See id. at 563. Accordingly, the BIA did not abuse its discretion in denying his motion to reopen.

Moreover, the documents that Chen submitted with his motion to reopen appear insufficient to establish his fear of sterilization. Chen submitted three newspaper articles from the *World Journal*, a Chinese language newspaper published in the United States

5

and Canada, which purport to describe enforcement of the family planning laws in Fujian Province. Chen did not, however, submit any affidavits from his family (who allegedly live in China), the U.S. State Department Country Condition reports, or any other type of documentation that would indicate that he has a legitimate fear of sterilization. Thus, even if Chen had introduced evidence that he had two children, he did not submit sufficient evidence to make out a prima facie case for asylum or other relief (or, more precisely, that the BIA did not abuse its discretion in so concluding). See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003).

Finally, as he provided no new evidence supporting his claim under the CAT, the BIA did not abuse its discretion in determining that the proceedings should not be reopened due to Chen's fear that he would be subject to torture because he left China illegally. See 8 C.F.R. § 1003.2(c)(3)(ii); 8 C.F.R. § 208.16(c)(4) (to be entitled to CAT protection, an applicant must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal).

For these reasons, we will grant the government's motion for summary denial of Chen's petition for review. Chen's motion for a stay of removal is denied.